UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO.: 5:06-CV-151

IN RE:

LWD, INC.
LWD FIELD SERVICES, INC.
LWD LAND COMPANY, INC.
LWD EQUIPMENT, INC.
LWD TRUCKING, INC.
LWD SANITARY LANDFILL, INC.
GENERAL ENVIRONMENTAL SERVICES, INC.                               DEBTORS

K&B CAPITAL, LLC                                                   APPELLANT

v.

OFFICIAL UNSECURED CREDITOR'S COMMITTEE                            APPELLEE

**MEMORANDUM OPINION**

K&B Capital ("K&B") filed this appeal from the United States Bankruptcy Court for the Western District of Kentucky (Docket #1) and filed a Brief in support of the appeal. (Docket # 4). The Official Unsecured Creditor's Committee (the "Committee") filed a Response Brief. (Docket # 5). The matter is now ripe for adjudication. The Court now AFFIRMS the ruling of the Bankruptcy Court.

**BACKGROUND**

This case arises from the administratively consolidated bankruptcy proceedings of Debtors in the Bankruptcy Court for the Western District of Kentucky. The LWD Debtors originally were involved in separate Chapter 7 proceedings, but, on September 3, 2003, consented to the entry of an Order converting the cases to Chapter 11 proceedings. At that time,

Chapter 11 proceedings for General Environmental Services ("GES") also commences and the cases were set for joint administration. On September 11, 2003, the Bankruptcy Court designated LWD, Inc., as the lead case for filings in the jointly administered proceedings.

On October 7, 2003, the United States Trustee filed its Appointment and Notice of Appointment of Committee of Creditors Holding Unsecured Claims. Necessarily, this was filed under the title of LWD, Inc., the lead case for joint administration. Because filings under other Debtors' case numbers were administratively rejected by the Clerk of the Bankruptcy Court, no separate filings for Committees of Creditors were submitted under the other Debtors' case numbers.

On November 6, 2003, the Committee filed an application to employ Nixon Peabody LLP ("Nixon") as counsel. Despite K&B's objections, the Bankruptcy Court entered the following Order on November 17, 2003:

> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that for good cause shown, pursuant to 11 U.S.C. §§ 327(a) and 1103(a), and Fed. R. Bankr. P. 2014(a), the Official Unsecured Creditor's Committee is hereby authorized to retain and employ the law firms of Nixon Peabody, LLP and Jeff S. Taylor, P.S.C., and any counsel substituted for Jeff S. Taylor, P.S.C., subject to a review by this Court arising under 11 U.S.C. §101(14), as co-counsel in the above-captioned case and in the following consolidated cases: LWD Trucking Inc. Case No. 03-51023; LWD Sanitary Landfill, Inc., Case No. 03-51024; LWD Land Company, Inc., Case No. 03-51022; LWD Field Services, Inc., Case No. 03-51019; LWD Equipment, Inc., Case No. 03-51018; and General Environmental Services, LLC, Case No. 03-51373.

No timely appeal of this Order was filed.

The lead attorney on this matter at Nixon, Douglas Spelfogel, changed firms to work at Baker & Hostetler ("Baker"). The Committee moved the Court to substitute Baker as counsel on May 4, 2006. After a hearing, the Bankruptcy Court overruled K&B's objections to the

substitution of Baker as counsel and ruled on July 5, 2006, that:

> IT IS THEREFORE ORDERED ADJUDGED AND DECREED that, (i) for good cause shown, pursuant to 11 U.S.C. §327(a) and 1103 (a), and Fed. R. Bankr. P. 2014(a), K&B's objections are overruled and the Committee is authorized to retain and employ Baker effective as of the date of the Application; (ii) Baker shall substitute in for and replace [Nixon] as counsel for the Committee; and (iii) the scope and extent of Baker's employment shall be governed by the prior orders of the Court, including the Order Authorizing the Official Unsecured Creditors Committee to Retain Nixon Peabody, LLC and Jeff S. Taylor, P.S.C. as Counsel dated November 14, 2003, relating to the employment of [Nixon], with all compensation subject to approval pursuant to 11 U.S.C. §§ 330 and 331.

This Order is the subject of the present appeal.

K&B challenges the propriety of the Order for both its substance and the absence of specific findings of fact and law. Substantively, K&B alleges that the Order is improper because it extended Baker's representation to a Committee representing the creditors of all the LWD Debtors and GES. K&B suggests that the Bankruptcy Court's November 17, 2003, Order improperly allowed Nixon to represent creditors of Debtors other than LWD, Inc., and that the July 5, 2006, Order improperly adopted the terms of the November 17, 2003, Order.

## STANDARD

The parties agree that no factual issues exist in this matter. The Court reviews the Bankruptcy Court's decisions of law under a *de novo* standard. *See Jordan v. Michigan Conf. of Teamsters Welfare Fund*, 207 F. 3d 854, 858 (6th Cir. 2000); *Nicholson v. Isaacman (In re Isaacman)*, 24 F.3d 629, 631 (6th Cir. 1994); *Stephens Indus., Inc. v. McLung*, 789 F.2d 386, 389 (6th Cir. 1986).

3

## ANALYSIS

**I.     Absence of Findings of Fact**

K&B requested that the Bankruptcy Court make detailed findings of fact in its Order overruling the objections to the Substitution of Counsel.  K&B claims that findings of fact are mandated by Federal Rule of Civil Procedure 52(a), applicable to the Bankruptcy Court through Federal Rules of Bankruptcy Procedure 9014 and 7052, which states:

> In all actions tried upon the facts without a jury or with an advisory jury, the courts shall find the facts specially and state separately its conclusions of law thereon.... Findings of fact and conclusions of law are unnecessary on decisions of motions under Rule 12 or 56 or any other motion except as provided....

The Court finds that the Bankruptcy Court was not required to provide specific findings of fact in the Substitution of Counsel, because the hearing and motions dealt only with legal issues, not issues of fact.  As Federal Rule of Civil Procedure 52 specifies, findings of fact are only mandated in "actions tried upon the facts."  Since the Bankruptcy Court merely disposed of legal issues and did not determine the facts or the merits of the bankruptcy proceeding at that time, the Order without findings of fact was permissible.

**II.    Substantive Review of July 5, 2006, Order**

K&B challenges the Bankruptcy Court's July 5, 2006, Order primarily because it endorses the Bankruptcy Court's prior rulings allowing one Committee to represent the interests of the creditors of all the LWD defendants and GES and allowing one law firm to counsel a Committee representing the common interests.  K&B claims that this is inappropriate because a Notice of Appointment of a Creditors' Committee was only filed in the case captioned for the Debtor LWD, Inc., and separate notices were not filed in the cases titled for each other Debtor.

K&B notes that, while the cases are to be jointly administered, they are not consolidated.

K&B also claims that Baker's joint representation of all the LWD estates and GES creates a conflict of interest because the creditors for the LWD estates are necessarily adverse. Under Chapter 11 United States Code, Section 1102 and 1103(b), a representative for a creditors' committee in a Chapter 11 case may not represent parties in the bankruptcy proceedings with interests adverse to the creditors.  K&B also argues that, even if the creditors of the LWD estates and GES are not found to be adverse, the Court has discretion to create separate creditors' committees for each debtor, if the trustees timely move to do so. *See In re White Motor Credit Corp.*, 18 B.R. 720, 722 (Bankr. S.D. Ohio 1980).  In this case, however, the trustee did not request separate creditors' committees and none were appointed.  Because the debtors' cases were so related, the Bankruptcy Court appointed one committee in the jointly administered cases which related to all the debtors.  K&B has stated no reason that a conflict of interest exists in Baker's representation of the joint Committee.

K&B argues that, because joint administration does not augment or consolidate the substantive rights of each debtor, a joint committee is improper. *See In re Hemingway Transp., Inc.*, 954 F.2d 1, 31-32 (1st Cir. 1992) (holding that joint administration does not consolidate the substantive rights of claimants or debtors).  This issue, however, does not arise under the July 5, 2006, Order, but under the November 17, 2003, Order.  The November 17, 2003, Order ruled that a single Committee was proper.  K&B did not timely appeal that Order.  The reference to the single Committee in the July 5, 2006, does not alter, affirm, or renew the appealability of the of the November 17, 2003, Order.  Because a timely appeal was not taken of the November 17, 2003, Order allowing a single Committee to proceed, this Court lacks jurisdiction to review the

issue.[1]  For these reasons, the Court affirms the Substitution Order of the Bankruptcy Court on July 5, 2006.

## CONCLUSION

IT IS HEREBY ORDERED AND ADJUDGED that the Bankruptcy Court's Substitution Order of July 5, 2006, is AFFIRMED.  An appropriate Order shall follow.

---

[1] The Committee also notes that K&B did not receive certification of this appeal of an interlocutory Order from the Bankruptcy Court, nor did it receive leave from this Court.  *Cottrell v. Schilling (In re Cottrell)*, 876 F.2d 540, 543 (6th Cir. 1989) (citing *Foster Secs. Inc. v. Sandoz (In re Delta Servs. Indus.)*, 782 F.2d 1267, 1272 (5th Cir. 1986)) ("The interlocutory order to substitute counsel is not reviewable on interlocutory appeal."); 28 U.S.C. §158(a)(3).  While leave to appeal "should only be granted in exceptional or extraordinary situations" and is at the discretion of the Court, the Court rules on the merits of this claim because it relates to other appeals properly before it.  *Big Rivers Elec. Corp v. Schilling (In re Big Rivers Elec. Corp.)*, 266 B.R. 100, 104-05 (W.D. Ky. 2000) (citing *Bradford v. Bradford & Co. (In re Bradford)*, 192 B.R. 914, 916 (E.D. Tenn. 1996)).